`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION-COLUMBUS

| | |
|---|---|
| CHRISTOPHER LOCKHART : | |
| : | |
| Plaintiff, : | |
| : | Case No.: 2:10-CV-659 |
| v. : | |
| : | Judge Watson |
| VITAL RECOVERY SERVICES, INC. : | Magistrate Abel |
| : | |
| Defendant. : | |
| : | ANSWER AND DEFENSES OF |
| : | DEFENDANT, VITAL RECOVERY |
| : | SERVICES, INC. |
| : | |

Defendant, Vital Recovery Services, Inc. ("VRS"), responds to Plaintiff's Verified Civil Complaint (the "Complaint") as follows:

## VERIFIED COMPLAINT

1. In response to the allegations in paragraph 1 of the Complaint, VRS states that the Complaint's allegations refer to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"). VRS denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. In response to the allegations in paragraph 2 of the Complaint, VRS states that the provisions of the referenced statutes speak for themselves. VRS denies the remaining allegations in paragraph 2 of the Complaint.

3. In response to the allegations in paragraph 3 of the Complaint, VRS admits that it conducts business in the State of Ohio. VRS denies the remaining allegations in paragraph 3 of the Complaint.

4. In response to the allegations in paragraph 4 of the Complaint, VRS states that the provisions of the referenced statutes speak for themselves. VRS denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5. VRS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

6. In response to the allegations in paragraph 6 of the Complaint, VRS admits that Plaintiff owes a debt. VRS denies the remaining allegations in paragraph 6 of the Complaint.

7. In response to the allegations of paragraph 7 of the Complaint, VRS admits that it sought to collect a debt from Plaintiff. VRS denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint, VRS admits that it acts through its agents and employees. VRS denies the remaining allegations in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. In response to the allegations in paragraph 10 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 10 of the Complaint.

11. In response to the allegations in paragraph 11 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 11 of the Complaint.

12. In response to the allegations in paragraph 12 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 12 of the Complaint.

13. In response to the allegations in paragraph 13 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 13 of the Complaint.

14. In response to the allegations in paragraph 14 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 14 of the Complaint.

15. In response to the allegations in paragraph 15 of the Complaint, VRS admits that it has contacted Plaintiff to collect a debt. VRS denies the remaining allegations in paragraph 15 of the Complaint.

## COUNT 1
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 ET SEQ.

16. VRS denies the allegations in paragraphs 16(a), 16(b), 16(c), and 16(d) of the Complaint.

17. VRS denies the allegations contained in paragraph 17 of the Complaint.

18. VRS denies the allegations contained in paragraph 18 of the Complaint.

19. VRS denies the allegations contained in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. VRS acted in good faith at all times.

3. At all relevant times, VRS acted in good faith reliance on the information provided by the debtor on the account.

4. VRS made no false or misleading representation to Plaintiff or anyone else.

5. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. To the extent that a violation has occurred, which VRS denies, any such violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

8. Plaintiff lacks standing to assert all or part of the claims in the Complaint.

9. Plaintiff has failed to mitigate his damages or to take other reasonable steps to avoid or reduce any damages.

10. Plaintiff's claims are barred by ratification, laches, waiver, estoppel and/or unclean hands.

11. Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of VRS, or for whom VRS is not responsible or liable.

12. VRS adopts and incorporates by reference as is fully set out herein, any and all defenses which are or may become available to it under the FDCPA.

13. Any purported damages allegedly suffered by Plaintiff are the result of Plaintiff's own acts or omissions.

14. VRS took no willful actions against Plaintiff.

15. Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

16. Plaintiffs claims are barred because no conduct of VRS is the proximate cause of any of Plaintiff's alleged damages.

17. VRS reserves the right to amend this answer to raise any and all defenses, affirmative or otherwise, which may become available during the course of this action.

**WHEREFORE**, VRS denies that Plaintiff is entitled to the requested relief.

Respectfully submitted,
s/Jesse R. Lipcius
Paul J. Cosgrove (0073160)
Jesse R. Lipcius (0078274)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202
Tel:  (513) 698-5034
Fax:  (513) 698-5035
E-mail:  pcosgrove@ulmer.com
E-mail:  jlipcius@ulmer.com
Attorneys for Defendant
Christopher Lockhart

### CERTIFICATE OF SERVICE

This is to certify that the foregoing was served via the Court's CM/ECF filing system this 18th day of August, 2010 upon the following:

Peter Cozmyk, Esq.
Krohn & Moss, Ltd.
3 Summit Park Drive, Ste. 140
Independence, OH  44131

/s/Jesse R. Lipcius
Jesse R. Lipcius

681211v1